UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY A. GORE, SR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-402-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jerry A. Gore, Sr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-2-17) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of violating State law in violation of Indiana Department of Correction Offenses 100. Following a hearing, he was sanctioned with a loss of one thousand eight hundred days earned credit time and a three-step demotion in credit class.

Gore argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he violated State law.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). Under Indiana law, "a person who knowingly or intentionally kills another human being" or "kills another human being while committing or attempt to commit . . . robbery . . . commits murder, a felony." Ind. Code. § 35-42-1-1. "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4.

The administrative record includes a conduct report in which an investigator represents Gore accompanied two other inmates to the victim's cell with knowledge that the other two inmates intended to rob the victim. ECF 16-1. According to the conduct report, one of the other inmates stabbed the victim four times with a makeshift knife, which Gore observed. Further, a witness described Gore as repeatedly looking out of the cell "acting like security so no one came in." Also, according to the conduct report, a video recording showed Gore entering and leaving the victim's cell, and Gore had red droplets that appeared to be blood on his shoes. The administrative record includes a photograph of white shoes taken from Gore's cell with red stains resembling blood on one sole and one heel. ECF 16-3. It includes incident reports from correctional officers who arrived at the victim's cell shortly after Gore's department and found the deceased victim. ECF 19. It also includes a video recording summary indicating that Gore went to the victim's cell following two other inmates and left shortly before first responders arrived. ECF 16-9. The administrative record includes the video recording

itself, which the court has reviewed and found to be consistent with the summary. ECF 22. Additionally, at the hearing, Gore testified that "[he] was there to buy a phone." ECF 16-8. The conduct report, the photographs, the video recording, and Gore's testimony indicate that Gore arrived at the victim's cell with other inmates for the purposing a taking a cellphone from the victim and served as a lookout while the victim was stabbed to death. As a result, the administrative record includes some evidence that Gore aided and abetted murder and that he thus violated Offense 100.

Gore maintains that the photographs of the shoes were not the same shoes worn by those involved in the murder. He states, "the pair I had on my feet had red paint painted under the laces on the tongue of my shoes, and the ones that was allegedly collected was all white." ECF 1 at 4. Given the specific angles, it is unclear from the photographs whether the shoes have red paint on the tongue. Moreover, even if true, it would amount to harmless error as Gore conceded at the hearing that he was present when the murder occurred. He further maintains that the hearing officer improperly relied on an unidentified confidential informant. It is true that the hearing officer relied on a conduct report written by an investigator who relied on an unidentified witness, but the testimony that Gore served as a lookout was substantially corroborated by other evidence. Specifically, the video recording demonstrated that Gore arrived at the victim's cell trailing slightly behind the other inmates who stabbed the victim and left when those other inmates left, and Gore's testimony confirmed he was present for the purpose of taking a cellphone from the victim. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Gore argues that he is entitled to habeas relief because the hearing officer did not present any of the evidence he requested at the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

At screening, Gore requested a "witness statement, "camera," and "photos of the shoes." ECF 16-6. It is unclear what evidence the hearing officer presented at the hearing, but the hearing report indicates that the hearing officer considered the photographs of the shoes and the video recording evidence. ECF 16-8. Correctional staff denied the request for a "witness statement," noting that it was from a confidential informant, apparently interpreting the request as pertaining to the unidentified witness referenced in the conduct report. The court finds that this denial of evidence was reasonable. Considering Gore's charge of aiding and abetting a murder, it is readily apparent that disclosure of the confidential informant's identity would have subjected him or her to a risk of reprisal. Therefore, this claim is not a basis for habeas relief.

Gore argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and

4

present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Gore's filings with this court and his administrative appeal demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF 1; ECF 16-1; ECF 16-11. Therefore, the argument that Gore received inadequate assistance from a lay advocate is not a basis for habeas relief.

Gore further argues that he is entitled to habeas relief because the hearing officer did not complete a Postponement of Disciplinary Hearing form as required by departmental policy. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to a completed Postponement of a Disciplinary Hearing form is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

If Gore wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jerry A. Gore, Sr., leave to appeal in forma pauperis.

SO ORDERED on November 8, 2022.

                                          s/Michael G. Gotsch, Sr.
                                          Michael G. Gotsch, Sr.
                                          United States Magistrate Judge